VIELLESSE, Respondent, vs. THE CITY OF GREEN BAY, Appellant.

*March 23 — April 9, 1901.*

*Municipal corporations: Defective sidewalks: Negligence: Personal injuries: Appeal: Evidence: New trial: Notice of defect: Expert testimony: Exhibits: Prejudicial error.*

1. In an action against a city for personal injuries it is *held,* upon the evidence, that there was no abuse of discretion in refusing a new trial on the ground that the verdict in plaintiff's favor was contrary to the evidence.

2. In such an action it is not error to admit testimony as to whether the plaintiff appeared to suffer pain.

3. In an action against a city for injuries sustained by reason of a defective sidewalk, evidence that planks in the walk were rotten for some distance on either side of the place where the injury occurred is admissible to show that the city had notice of the bad condition of the walk, and if defendant's counsel desires that such evidence should be more restricted, he should request an instruction to that effect.

4. In a suit for injuries sustained by stepping into a hole or through a rotten place in a plank in a sidewalk, the admission of expert testimony as to the probability of such accident causing certain injuries, and as to whether there was a probability of such injuries being permanent, is *held* not to have been a material error where the court charged that, if the evidence satisfied the jury to a "rea-

sonable certainty," the plaintiff was entitled to recover, and that they might consider, in fixing the amount of damages, what amount of physical and mental suffering it was "reasonably certain" plaintiff would endure in consequence of the injury, since the jury could not have been misled by such testimony.

5. Where the hole in the sidewalk and its rotten condition are conclusively established in such a case, it is not prejudicial error to allow a witness to exhibit to the jury pieces of the plank where the hole was, for the purpose of showing its condition. *Stewart v. Everts,* 76 Wis. 35, distinguished.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Sol. P. Huntington,* and for the respondent on that of *Wigman, Martin & Martin.*

CASSODAY, C. J.    This is an action to recover damages for personal injuries sustained by the plaintiff by reason of stepping into a hole or through a rotten place in the plank sidewalk described, elevated about twelve inches above the ground, and from which the plaintiff was unable to extricate her foot until she had called for help, which came and cut the hole larger. The accident occurred between seven and eight o'clock on the evening of August 10, 1898. Issue being joined and trial had, the jury returned a verdict in favor of the plaintiff, and assessed her damages at $700. The defendant moved to set aside the verdict as being contrary to the evidence. The contention in support of that motion seems to be sufficiently answered by the opinion of the learned trial judge in denying the same. He said, among other things:

"The testimony left no doubt as to the insufficiency of the sidewalk, by reason of a dangerous hole in it. The testimony certainly warranted the jury in finding that the plaintiff stepped into the hole. Aside from her own testimony, several witnesses found her with her leg through the hole, and so caught that an ax was used to enlarge the hole before

her leg could be released.   The contention of the city is that the plaintiff was not injured at all, or, if injured, not to an extent that justifies the verdict rendered.   There is no pretense of any external injury.   An examination of the plaintiff by two physicians resulted in their discovering no evidence of internal injury, except the plaintiff's own statements as to her feelings and conditions.   The physicians admit that she may suffer as she claims without there being any external evidence of it, that such an accident as she describes might cause such injury as she complains of, and that if she suffered as she claims, and was in the condition she describes at the time of trial, her injury would be, to some extent, permanent.   The fact of the injury rests on the plaintiff's testimony.   It is earnestly contended that that testimony is false and will not support the verdict.   I do not think there is anything necessarily improbable or inherently false in the essential features of the plaintiff's story. Eliminating from the case all testimony directly contradicting her and all testimony tending to establish impeaching circumstances, and her statement would certainly support the verdict.   As to most of the impeaching circumstances there is a conflict of testimony, which would warrant the jury in deciding either for or against the existence of the fact.   I have followed the testimony and arguments of defendant's counsel both before the jury and on this motion very closely.   I am not convinced that the testimony is not sufficient to support the verdict."

We cannot say that there was any abuse of discretion in refusing a new trial upon the ground stated.

2. There was no error in admitting testimony as to whether the plaintiff appeared to be suffering pain.   The admission of such testimony has frequently been sanctioned by this court.   *Keller v. Gilman*, 93 Wis. 9, 11, and cases there cited.

3. Error is assigned because a witness was permitted to testify that: "As a general rule, that sidewalk on that side, as far as the walk runs lengthwise, was in a very poor condition.   This was at a point where the plank run lengthwise in that block from the alley north to Cedar street."   It is conceded that such testimony was admissible as tending to show that the officials of the city had notice of the bad

condition of the walk, but it is claimed that its effect is shown to have been limited to such question of notice. *Shaw v. Sun Prairie*, 74 Wis. 105, 108; *Propsom v. Leatham*, 80 Wis. 608; *Barrett v. Hammond*, 87 Wis. 658; *Grimm v. Washburn*, 100 Wis. 229; *Conrad v. Ellington*, 104 Wis. 371. The admission of such evidence was justified by these authorities. If the defendant's counsel desired that such evidence should be more restricted, he should have requested an instruction to that effect.

4. Error is assigned because the court allowed the medical experts, in answer to hypothetical questions, to testify as to the probability or likelihood of such a fall wrenching or injuring the back, and whether a very severe wrench would strain the muscles and ligaments, and even the nervous system, without any external manifestation on that part of the body, and whether there was a probability of such injury being permanent. Some of these questions come very near, if they do not cross, the border line. Verdicts are not to be based upon conjectural evidence. Thus, it has been held by this court that:

"Damages as for a permanent injury should not be allowed unless the permanency thereof is *reasonably certain* from the evidence, and the jury should be so instructed; but it was no error to admit a physician's opinion that it was *reasonably probable* that there would be no complete recovery." *Block v. Milwaukee St. R. Co.* 89 Wis. 371.

"The rule is well settled that, in order to recover damages on the ground that an injury is permanent, the evidence must show such permanency with reasonable certainty." *Collins v. Janesville*, 99 Wis. 465.

The charge to the jury on the subject seems to have been clear and explicit. It is there said:

"Now, if the testimony shows that her injury, if she has suffered any, is permanent — that is, it will continue in the future — then you may also consider what amount of physical and mental suffering it is *reasonably certain* she will endure in consequence of it, and what will be a reasonable compensation not only for the past, but for the future."

We perceive no error in such charge. In another connection the court charged the jury: "If the testimony satisfies you to a reasonable certainty of the existence of all these facts, then the plaintiff is entitled to recover." With such instructions, we do not think the jury could have been misled by the testimony referred to.

5. We perceive no prejudicial error in allowing a witness to exhibit to the jury pieces of the plank where the hole was, for the purpose of showing its condition, as the hole in the walk and its rotten condition are conclusively established. The case is distinguishable from *Stewart v. Everts*, 76 Wis. 35.

Other errors are assigned, but they do not seem to be of sufficient importance to call for special consideration.

*By the Court.*— The judgment of the circuit court is affirmed.