JOHN BIRD *et al.*

*v.*

NETTIE A. BIRD *et al.*

*Opinion filed October 24, 1905—Rehearing denied Dec. 6, 1905.*

1. PLEADING—*when objection that bill is multifarious is waived.* Filing answers to a bill and voluntarily submitting the cause for a hearing on the merits after a demurrer to the bill is overruled is a waiver by defendants of their objection that the bill is multifarious.

2. EVIDENCE—*when proof of declarations against one's interest is competent.* In a proceeding to set aside a will and certain deeds made by the same person, declarations against interest by one of the grantees who was not a legatee under the will, to the effect that he considered the grantor to be of unsound mind, are competent upon the issue as to the validity of the deed to the party making such declaration, and if the defendants desire to have such evidence restricted to that issue they should ask an instruction to that effect.

3. APPEALS AND ERRORS—*when objection to the evidence is not essential.* A proceeding to cancel a will and certain deeds is, so far as the deeds are concerned, an ordinary proceeding in chancery, in which the verdict of the jury is merely advisory; and it is not

essential, in order to preserve for review the contention that incompetent evidence was admitted, that objection thereto should have been formally made and exception taken to the ruling of the court.

4. SAME—*matters appearing only in motion for new trial are not preserved for review on appeal.* Improper remarks by the trial judge are not preserved for review where they do not appear in the record except as set forth in the motion for new trial; nor can other alleged errors which appear solely from the recitals of the motion for new trial be considered by a court of review.

5. SAME—*when entering decree without general verdict is not fatal.* Entering a decree in a will case in which the jury did not return a general verdict but only answers to special interrogatories is not fatal, where the answers returned to the special interrogatories contain the substance of a general verdict and no objection is made or attention called to the absence of a general verdict.

6. SPECIAL VERDICTS—*when the statute authorizing general or special verdicts does not apply.* The statute authorizing a general or special verdict by the jury in all civil proceedings does not apply to those proceedings in chancery where the verdict of a jury upon an issue of fact is merely advisory.

APPEAL from the Circuit Court of Lawrence county; the Hon. P. A. PEARCE, Judge, presiding.

C. J. BORDEN, GEORGE HUFFMAN, and TOHILL & KINGSBURY, for appellants.

GEE & BARNES, J. E. McGAUGHEY, and J. D. MADDING, for appellees.

Per CURIAM: This was a bill in chancery filed in the circuit court of Lawrence county to contest the will of John Bird, Sr., deceased, and also for a decree in chancery canceling certain deeds described in the bill.

John Bird, Sr., died March 25, 1903, aged about eighty-four years. On August 30, 1901, he executed two deeds, one purporting to convey eighty acres of land to John Bird, Jr., his son, and the other purporting to convey another tract of like extent to Jeremiah Miller, his son-in-law. On May 23, 1902, he executed his last will. The bill charged that the said John Bird, Sr., at the time of the execution of

these deeds and of his will, was lacking in mental capacity to execute the instruments, and each of them, and also charged that he was unduly influenced by his said son, John Bird, Jr., to execute the will and the deeds. A demurrer was presented, and it was urged that the bill was multifarious. The court overruled the demurrer, and answers were filed denying the charges, and a jury was empaneled and a hearing had, and a decree was entered declaring John Bird, Sr., was mentally incapable to execute the will and each of the deeds, and that such instruments were without legal force or efficacy. The proponents have prosecuted this appeal to reverse the decree.

Having filed answers to the bill and voluntarily consented to the submission of the cause for hearing on the merits, the objections raised by the demurrer that the bill is multifarious must be regarded as waived. *Ring* v. *Lawless*, 190 Ill. 520.

The issues as to the validity of the will and of the deeds were submitted to the jury together. Proof of certain admissions made by Jeremiah Miller, being against his interest, were properly receivable in evidence on the issue as to the mental capacity of John Bird, Sr., to execute the deed to him, Miller. The admissions were to the effect that Miller did not regard John Bird, Sr., as possessed of a sound, disposing mind, and the jury could have considered them as bearing on the issues as to the validity of the will as well as on the issues as to the deed to Miller. But it does not appear that objection was made or any exception taken to the introduction of this proof as to the declarations of Miller. The declarations were proper as to the issue of the validity of the deed to Miller, and as no objection or exception was entered in the trial court to the admission of the testimony, it cannot now be urged in this court that the introduction of the proof of such declarations constitutes reversible error. The proceeding, so far as the attack on the deeds is concerned, is an ordinary chancery proceeding, and the findings

of the jury as to the issues relative to the validity of the deeds were advisory, merely, to the chancellor. The rules of chancery practice applied, and it was not necessary, in order to preserve for review the contention that incompetent evidence was admitted, that that objection should have been formally made and an exception entered to the ruling of the court thereon. *Smith* v. *Newland,* 40 Ill. 100; *Miller* v. *Whelan,* 158 id. 544.

Two witnesses testified to declarations made by Miller. One witness testified that the conversation with Miller was about the time the deed was made to him, Miller. The other witness testified to a conversation with Miller in 1902, shortly after the deed had been made to Miller, and both alleged declarations were before the will had been executed. The testimony was proper for the consideration of the jury in arriving at a conclusion as to the issue as to the deed to Miller, and there seems little reason to believe that the jury would have understood it otherwise, especially in view of the fact that Miller was not a legatee under the will. The evidence being competent for the one purpose, if the appellants feared the jury might think it competent for another they should have asked the court to direct the jury, by an instruction, that the proof was proper to be considered with reference to the validity of the deed to Miller.

It is urged appellants' cause was improperly prejudiced by remarks of the trial judge in the presence of the jury. These alleged remarks are set forth in the motion for a new trial and do not otherwise appear in the record. It is a familiar rule of practice that alleged errors cannot thus be preserved for review.

In the brief of appellants in chief complaint is made of the instructions, but in the reply brief it is conceded these alleged errors have not been preserved for revision by this court.

It is complained that the court submitted to the jury twelve special interrogatories calling for findings by the jury

on questions of fact, and that such requests or questions of fact were not submitted to the appellants at any time, in violation, as appellants contend, of the express provisions of the statute. (Hurd's Stat. 1903, p. 1407.) Here, again, the appellants rely solely on recitations made in the motion filed by them for a new trial to show that the interrogatories or special verdicts were not presented to them, and, aside from all other considerations, the contention cannot be considered for the reason the alleged improper action of the court has not been preserved in the certificate of the trial judge, by which we are to be governed as to the occurrences of the trial. We may remark, however, that in *Harp* v. *Parr,* 168 Ill. 459, we held that interrogatories in no material respect different from those here under consideration could not be regarded as within the meaning of the act in relation to special findings.

It is urged that the jury did not return a general verdict, but only answers to special interrogatories, and that the court erroneously proceeded to enter a decree without any general verdict on which to base the same. The court submitted to the jury the following questions to be answered by them:

No. 1. "Was the writing offered in evidence purporting to be the last will and testament of John Bird, Sr., the last will and testament of the said John Bird, Sr.?

No. 2. "At the time of the making of the purported will, was the said John Bird, Sr., of sound mind and disposing memory?

No. 3. "At the time of the making of the purported will offered in evidence, was any undue influence used upon John Bird, Sr., to control him in making said will?"

The jury answered each of these questions by writing the word "No" in the space left after each interrogatory for the answer thereto.

In *Harp* v. *Parr, supra,* we held that like questions were not within the meaning of the statute in relation to special

verdicts. We think all suits in chancery wherein the statute provides the issues made may be tried by a jury, (as a bill to contest a will, a bill for divorce, etc.,) in which the verdicts rendered have the force and effect of the verdict of a jury in an action at law, are "civil proceedings," within the meaning of those words as employed in the statute in relation to the verdicts of juries in civil cases, being the act which provides for the submission of special questions of fact to be answered by juries. That act provides that in all trials by juries in civil proceedings in courts of record the jury may render, in their discretion, a general or special verdict. (3 Starr & Cur. Stat. p. 3167.) The statute has no relation to suits in equity in which an issue of fact is made and submitted to a jury for a verdict which, when rendered, is but advisory to the court, as were the verdicts in the case at bar which related to the validity of the deeds. In such cases the sole function of the jury is to determine certain questions of fact which are framed and submitted to them for a finding, by which the court may be advised but by which he may or may not be controlled in entering the decree, as his sound judicial discretion may determine. In the preparation, submission and decision of such issues of fact for advisory verdicts the rules of chancery practice apply, and the statute in question has no application. All of the interrogatories submitted were of this character except the three which we have hereinbefore set out. The first of the questions relative to the issue as to the validity of the will contained the substance of a general verdict finding that the instrument purporting to be the last will of decedent was not his last will. It was answered by the jury in the negative; and the second finding of the jury, that said John Bird, Sr., was not of sound and disposing mind when the alleged will was executed, disclosed the ground on which the jury rested the conclusion that the instrument was not the valid will of the deceased. It does not appear that any objection was interposed in the trial court to the reception by the court of

these findings of the jury when returned, nor that it was suggested that there was no general verdict or that a verdict in that form was necessary. It is clear that the appellants were not in anywise prejudiced by the omission of a formal general verdict. In view of all this, we think the objection that no general verdict was returned should not be considered tenable.

In response to the insistence that the decree is not supported by the evidence we have carefully read the testimony as printed in the abstract. In point of number of witnesses the preponderance was with the appellees. That, alone, is not the criterion; but in addition to that we find the evidence to be conflicting, and, so far as we can discover, the witnesses for the respective parties were of equal credibility. Some had longer and more intimate acquaintance with the deceased than others and were therefore better qualified to form reliable judgments as to his mental power and capacity than others, and some had what seemed exceptional opportunities for testing the strength of mind of the deceased. But these witnesses who were thus better qualified to judge of the power of the deceased to make a valid will or valid deeds entertained contradictory and conflicting views as to his mental condition. There was abundant proof, if standing by itself, to sustain the action of the jury and of the court, and after a thorough investigation of all of the testimony we are unable to say that the verdict and findings of the jury are palpably or manifestly wrong. A recitation of the testimony would not be of benefit to the parties, their counsel or the profession. Our duty is to accept the verdict and decree as correct.

The decree must be and is affirmed.

*Decree affirmed.*