[No. 1154, February 27, 1907.]

THE SOUTHERN CAR MANUFACTURING AND SUPPLY COMPANY, Appellant, v. WARREN WAGNER, Appellee.

Appeal from the District Court for Chaves county, before EDWARD A. MANN, Associate Justice. Reversed.

SYLLABUS (BY THE COURT)

1. It will be assumed by this court that evidence, which was admissible for any purpose at the trial of a cause, was admitted on proper grounds, unless the record specifically shows the contrary.

2. In an action for the conversion of chattels, under a general denial of the plaintiff's title, and of the alleged conversion, title in another may be shown.

3. In an action for the conversion of chattels, subsequent ratification by the plaintiff of the acts which constituted the alleged conversion, can not be shown under a general denial but must be pleaded as new matter.

4. A statement in a bond given by the defendant in an

action for conversion to release from attachment in the cause
the property alleged to have been converted, which tended to
controvert his denial of the conversion declared on, or his
claim and testimony at the trial, in relation to the title to the
property, was an admission by him, which should have been
received in evidence.

GATEWOOD & LANE, for Appellant.

In a suit by a corporation against a party not a stock-
holder therein, for alleged conversion of property, any
evidence as to the ownership of the shares of said corpora-
tion is immaterial and irrelevant to any issue in the case.
McNamee v. Relf, 52 Miss. 426; Central Trust Co. v.
Bridges, 57 Fed. 753; Merrick v. Peru Coal Co., 61 Ill.
472; Stratton v. Allen, 16 N. J. Eq. 229; 1st Ch. on Pl.
I. 526.

Under the pleadings in the case evidence of part-
nership between Wiggs and defendant was inadmissible.
Love v. McIntyre, 3 Texas 10; Jones v. Seward, 4 N. W.
946; Coles v. Soulsvy, 21 Col. 47; Tucker v. Parks, 1
Pac. 427; G. C. & S. F. Co. v. Shieder, 88 Texas 152; T.
B. Inc. Co. v. Huchins, 53 Texas 61.

Under the pleadings in this cause, evidence tending to
show that subsequent to the alleged conversion, plaintiff
acquiesced in the removal of the property in question to
New Mexico, or in any way ratified said alleged conver-
sion was inadmissible. McCartney v. Martin, 1st Posey,
U. C. (Tex.) 143; Coles v. Soulsby, 21 Col. 47; N. Y.
Ins. Co. v. Natl. Protective Ins. Co., 20 Barb. 468; 2 Ohio
Dec. 404; Willis v. Hudson, 63 Texas 678; Supreme Tent.
K. of M. of the World v. Stensland, 105 Ill. Appeal 267;
England v. Denham, 93 Mo. App. 13; Jones v. Seward,
4 N. W. 646; 1 Ch. Pl. 473 and 512.; Compiled Laws
1897, section 2685, sub-section 40; Phoenix Ins. Co. v.
Bachelder, 57 N. Y. 996; Keene v. Richardson, 65 N.
Y. 897; Piercy v. Sabin, 70 Am. Dec. 692; Stein v. Mc-
Grath, 30 Southern 792; Denny v. Stout, 82 N. Y. 18;
Guess v. Lubbock, 5 Tex. 535; Glasscock v. Hamilton, 62
Texas 149; F. & M. Natl. Bk. v. Taylor, 40 S. W. 876;
T. & V. Ins. Co. v. Hutchins, 53 Tex. 51; Anderson v.

Nuckles, 34 S. W. 134; McLaurin v. Cromly, 70 N. C. 50.

Any pleading or written instrument signed or verified by the party to a suit, filed in the cause on trial, is admissible in evidence, as an admission of the party making same, although such pleading or written instrument may have been superseded or abandoned. Bliss v. Nichols, 94 Mass. 443; Siebert v. Leonard, 21 Minn. 442; Barton v. Lowe, 35 Pac. 284; Pope v. Allis, U. S. 29th Law Ed. 393.

No issue having been joined on the attachment, any evidence concerning the same was immaterial and irrelevant upon any issue in the case.

A plaintiff who has brought suit for conversion of property is not bound to prove that the alleged conversion occurred on the precise date alleged, but proof thereof at any time prior to the time suit was filed and within the period of limitation will be sufficient. Enc. Plead. and Pr., vol. 11, p. 146-147; Mooar v. Harvey, 125 Mass. 574; Baker v. Ashe, 80 Texas 356; People v. Higgins, 12 Pac. 301; Bancroft v. Haslett, 39 Pac. 602.

Giving an instruction based upon evidence not material or relevant to any issue made by the pleadings is error, and if such instruction authorizes a finding by the jury upon such evidence the giving thereof is reversible error. McLaurin v. Cromly, 90 N. C. 50; Enc. of Pleading and Practice, vol. 11, pp. 161-162; Dallas Rapid Transit Co. v. Campbell, 26 S. W. 884; Transit R. R. Co. v. French, 86 Texas 96; Thorrwegan v. King, 111 U. S. 549; Chicago etc. R. Co. v. Robinson, 106, 111, 142.

Where the competent evidence on the trial of a cause is so preponderating in a party's favor that a verdict against him should be set aside as contrary to the evidence, the court should direct a verdict for him. Bagby v. Cleveland Rolling Mill Co., 21 Fed. 159; Randall v. B. & O. Ry. Co., 109 U. S. 478; Griggs v. Houston, 104 U. S. 553; Herbert v. Butler, 97 U. S. 319; Peet v. Dakota F. & M. Ins. Co., 47 N. W. 522.

In trover a demand by the owner of the property who

is entitled to its possession, and a refusal by the party who has said property in his possession to deliver the same to the owner thereof upon such demand is prima facie evidence of conversion. Magee v. Scott, 55 Am. Dec. 49; Lockwood v. Bull, 13 Am. Dec. 539; Irish v. Cloyes, 30 Am. Dec. 446; Am. Digest Century Edition, columns 47-50.

The intent and understanding of the parties is the true rule in determining whether or not a partnership existed between the parties as between themselves. Webster v. Clark, 43 Am. State Reports 217; Salter v. Ham, 31 N. Y. 321; Houze v. Patterson, 25 Am. Rep. 607; Jones v. Call, 93 N. C. 170; Priest v. Chouteau, 55 Am. Rep. 373.

The property in controversy having been attached and the defendant having executed and delivered to the sheriff a bond by virtue of which said property was delivered to them as owner thereof that defendant was estopped from claiming that said property belonged to a co-partnership. Bliss v. Nichols, 94 Mass. 343; Barton v. Lowe, 35 Pac. 284; Pope v. Allis, U. S., 29 Law Ed. 393.

Where the verdict is probably the result of an erroneous ruling or instruction of the court the motion for a new trial should be granted. U. S. v. Barnhart, 17 Fed. 579; Melins v. Houston, 41 Miss. 59; Sherman v. Delaware, L. & W. R. Co., 13 N. E. 615; Enc. Pl. and Pr., vol. 14, pp. 68-70.

RICHARDSON, REID and HERVEY, for Appellees.

Under the former action of trover, everything was admissible in evidence under the general issue except a release and the statute of limitations. Robinson v. Frost, 14 Barb. 536; 21 Ency. Pl & Pr. 1096; Pomeroy's Code Remedies, secs. 538 to 553 and note; Stevens Ann. Code, vol. 1, sec. 500.

"Under some circumstances a statement (as to title) may not possess sufficient probative weight to be relevant as an admission." 16 Cyc. 979.

### STATEMENT OF FACTS

The plaintiff, here the appellant, began an action against the defendant, Wagner, the appellee, in May, 1905,

and alleged in its complaint that it was a Texas corporation, that it was "on and about Jan. 4, 1905" the owner and in possession of certain chattels set out in an itemized list attached to the complaint, and that the defendant, "on said day", converted the same to his own use. The defendant in his answer denied knowledge sufficient to form a belief as to the allegation of incorporation, and specifically denied each of the other allegations in the complaint.

The chattels in question, which consisted of a machine and outfit for drilling wells were at Petrolia, Texas, immediately before and up to the time of the alleged conversion, at which time the defendant moved them to Roswell, New Mexico. The claims of the parties and the evidence are conflicting as to the status of the property immediately before it was removed from Texas. The defendant testified that it was a part of the property which belonged some weeks before its removal from Texas, to a firm composed of himself, J. A. Wiggs, Jr., and others, and was employed by them in the business of drilling wells in Texas, that the firm was dissolved and he and Wiggs took the chattels in question, on the agreement that out of the work done he should pay Wiggs what the latter had invested in the property, that he did not know the plaintiff was interested in the transaction or property, that Wiggs told him to load the machine and outfit on the cars at Petrolia, and he, Wiggs, would write him what to do, that he loaded as directed, and not getting a letter from Wiggs as promised, shipped the property to Roswell, New Mexico, and began work with it, and that subsequently Wiggs ratified what he had done.

Wiggs was the president of the plaintiff corporation, and its agent for some purposes. In May, 1905, he made a demand on the defendant for the property and failing to get it, began this action.

The case was tried with a jury, before MANN, Justice.

### OPINION OF THE COURT.

ABBOTT, J.—The assignments of error which we consider relate to the admission of certain evidence which,

it is claimed, was not admissible on the issues raised by the pleadings, and the refusal to admit certain evidence offered by the plaintiff.

The fourth and fifth assignments relate to evidence obtained from Wiggs on cross-examination by the defendant, that he, Wiggs, owned all but five shares of the stock of the plaintiff corporation. The record does not disclose the ground of its admission. If it was admitted for the purpose, as the plaintiff suggests, of proving that the acts of Wiggs, as an individual, were the acts of the corporation for the reason that he owned practically all of its stock, that was, of course, error, since corporate action is legally distinguishable from that of its stockholders as individuals, even though they own all the stock. But we are not prepared to hold that the evidence was not admissible for any purpose which, in the absence of specification in the record, we should have to do if we sustained the plaintiff's contention. The facts that Wiggs was an officer and stockholder of the plaintiff corporation were at least admissible on the question of the credibility of his testimony.

The seventh assignment relates to the testimony admitted to show that the defendant and Wiggs owned the property in question as partners or jointly. Under the general denial of the plaintiff's ownership, title in another way may be shown. "The plaintiff's allegations cannot be true because of certain other facts which are inconsistent with them." Bliss, Code Pleading, Sec. 327; Pomeroy's Code Remedies, Sec. 553; Robinson v. Frost, 14 Barb. 536.

The eighth and ninth assignments of error are based on the admission of evidence that, subsequently to the alleged conversion, the plaintiff ratified the removal of the property in question to New Mexico, and its retention there by the defendant, and on the instructions to the jury on that point, the claim being that the alleged ratification was new matter and should have been pleaded to warrant the introduction of the evidence on that point. The court instructed the jury that "although you may find that at

the time the defendant brought the property from Petrolia, Texas, to New Mexico, he had no right to the possession thereof and that said act on his part was wrongful, and that said property at the time belonged to the plaintiff corporation", yet, if the plaintiff afterwards did certain things which would amount to ratification of what the defendant had done in relation to the property, they should find for the defendant.

If the alleged ratification was included in the general denial made by the defendant, then the evidence in relation to it was properly submitted and the instruction was appropriate. If it was new matter, it should have been specially pleaaed. Comp. Laws of N. M., 1897, sub-sec. 40, Sec. 2685. The rule as to new matter is thus stated in Bliss on Code Pleading, Sec. 330: "Keeping in view the logical rule that the new facts which may be proved under a denial are those which show that the plaintiff's statements are untrue, also that facts which are consistent with their truth, but show that he has no cause of action, are new matter, to be pleaded, we can seldom be deceived as to what may and may not be thus proved."

The plaintiff alleged conversion at a certain time. The fact, if it was one, that at a subsequent time it ratified the acts which constituted the alleged conversion might have deprived it of its right of action, but would not be inconsistent with the allegations that there was a conversion. Bliss, Code Pleading, Sec. 330; Pomeroy's Code Remedies, Secs. 567, 568; Coles v. Soulsby, 21 Col. 47; N. Y. Ins. Co. v. Natl. Prot. Ins. Co., 20 Barb. 468; Sup. T. K. of M. v. Stensland, 105 Ill. App. 267. It cannot be said that the error was harmless to the plaintiff, since it was not appraised by the pleadings that it had to meet the defense of ratification. New matter "must be specially pleaded so that the plaintiff may be informed of its existence and the use to be made of it by the defendant." Pomeroy's Code Remedies, Sec. 566.

The twelfth assignment of error relates to the refusal to permit the introduction of evidence of a bond signed and sworn to by the defendant and given for the release of the

property in question from the attachment of it made by the plaintiff in this cause. The bond contains the statement that "certain property and effects of the defendant x x x have been attached and seized", and was offered by the plaintiff as a part of the record in the case and to show that the defendant was claiming the property was his and not the property of the plaintiff. It is claimed by the defendant that a mere recital in usual form in such a bond has not sufficient probative force to require its admission as evidence. Its force might, for the reasons suggested, be very slight, but the objection does not go, we think to its admissibility. The plaintiff has alleged conversion of the property by the defendant, which the latter had denied, on the ground that he and Wiggs owned it jointly, or that Wiggs was the owner, and he, the defendant, had a special property in it and the right of possession. The statement as to ownership made in the bond was an admission by the defendant in writing, verified by his oath, which bore on the issues thus raised, and should, we think, have been submitted to the jury. This is a well established rule of evidence. Jones on Evidence, Secs. 237, 238, 298; Greenleaf on Evidence, Sec. 169, *et seq;* Wigmore on Evidence, Secs. 1048-1058.

For the reasons stated the judgment of the District Court must be reversed.