[No. 3497.   Dec. 19, 1930.]

[Rehearing Denied Jan. 29, 1931.]

BYBEE v. WHITE.

[295 Pac. 295.]

See, also, 287 P. 290.

O. E. Little, of Roswell, for appellant.

Reese & Reese, of Roswell, for appellee.

OPINION OF THE COURT

WATSON, J.

From a judgment for damages for conversion of personal property, the defendant appeals.

The complaint alleged, in substance, that defendant had taken possession of plaintiff's undivided one-half interest in 28 head of dairy cattle, claiming to have purchased the interest for $840 or for $800; that he had placed the sum of $800 to plaintiff's credit in bank; that, if defendant claimed to have purchased for $840, he was indebted to plaintiff $40 as balance of purchase price; that, if he claimed to have purchased for $800, the sale, made through one Smith, plaintiff's agent, was void, since, as defendant knew, the agent had authority to sell for not less than $840; and that, in the latter event, defendant was liable for $40 damages as for conversion.

For "further cause of action" the complaint alleged a conversion of enumerated farm and dairy equipment, to plaintiff's damage $264.

By answer, defendant denied everything in the complaint except that plaintiff had been the owner of the equipment, and except as admitted in the answer by way of new matter and in the cross-complaint.

The answer by way of new matter alleged that defendant had in good faith purchased plaintiff's interest in the cattle and equipment through Smith, "agent of plaintiff," had obtained from him a bill of sale therefor, and had paid $800, the specified purchase price, by depositing the sum to plaintiff's credit in bank.

The cross-complaint realleged these facts and alleged also a refusal of the plaintiff to deliver specified equipment which defendant had thus purchased, claiming damages of $158.

Except for an admission that certain of the articles enumerated in the cross-complaint had not been taken away by defendant, the reply denies all allegations by way of new matter and of cross-complaint.

On these issues the parties went to trial without a jury. When plaintiff had rested, defendant demurred to the evidence and moved for judgment. The stated grounds of the motion were that there was no evidence that defendant had knowledge of the limitation of the agent's powers, and that the evidence showed that plaintiff had accepted the consideration paid and had thus ratified the unauthorized acts of the agent. The court reserved ruling, and the motion itself was never again brought to his attention. Defendant proceeded with his defense.

At the conclusion of the trial the cause was taken under advisement. Thereafter the court filed a memorandum generally finding "the issues in favor of the plaintiff." Defendant then requested findings in substance that plaintiff had placed Smith in possession of his interest in the herd and equipment with instructions to sell the former; that he had sold both to defendant, and conveyed them by

bill of sale; that the consideration agreed upon with the agent, was deposited by defendant for plaintiff in bank, and by the latter taken and used, and that defendant believed the agent to be possessed of full authority. Upon these proposed findings he predicated a requested conclusion that plaintiff had ratified the sale.

These requests were refused and judgment was rendered awarding damages of $241 to plaintiff and dismissing the cross-complaint. The judgment recites that plaintiff had established the material allegations of his "first cause of action," and was entitled to $40 damages thereunder, and had established all allegations of his "second cause of action," and was entitled to damages of $201 thereunder, being the value of the equipment which defendant had actually taken away.

There are two facts in this case which neither counsel will question. They are: (1) That Smith had no actual authority to sell the interest in cattle and equipment for $800, as the bill of sale represents the contract, or for $840, as he claims he agreed to do; and (2) that the transaction was entire, embracing both cattle and equipment.

Upon the first fact counsel have erected conflicting theories. Appellee says that the unauthorized contract was a nullity; that he could disregard it and could charge appellant with a conversion of the whole property and hold him liable for its value, less the $800 paid. Appellant says that this is not a tenable position; that, the whole property having been taken under the bill of sale, there could be no conversion until appellant had refused to return it after repudiation of the contract and tender of a return of the consideration; that appellee did not tender return of the consideration, but used it and thus ratified the contract; that he cannot ratify it in part and repudiate it in part, so as to hold appellant to a contract he did not make.

Regardless of any merit there may be in appellant's contention, it cannot avail him to upset the judgment. Ratification is new matter which, under the Code, must be pleaded. It admits that the contract was not originally binding, but asserts that it became binding because

of subsequent conduct. Southern Car Manufacturing Co. v. Wagner, 14 N. M. 195, 89 P. 259. Appellant's pleaded theory is quite different. He says that the contract was binding from the beginning, because, lacking knowledge of the limitation on the agent's actual authority, he rightfully relied upon his ostensible authority. He nowhere asserts as a fact that appellee had kept or used the $800 or takes legal exception to appellee's theory of recovery as disclosed by his complaint.

Upon the second of the above-stated facts appellant bases a contention that "the judgment does not follow the pleading, and is not supported by the evidence." It is no doubt true that the theory of two transactions, which seems to be set forth in the complaint and followed in the recitals of the judgment, is not sustained by the proof. But it is a matter of no practical importance whether there were two transactions or one. In either case the judgment would be the same. If appellant had analyzed the complaint as carefully at the trial as he does now, he might have forced appellee to an amendment or a nonsuit or put the court in error. But he did not. By no objection to evidence or exception to findings did he point out that the case proved was different from the case alleged. Under the pleadings, the only defense was the binding character of the contract. Under the proofs it was reduced to the proposition that appellant was ignorant of the limitation on the agent's authority. This defense was defeated on conflicting evidence.

As we view this record, the parties have had a fair trial upon the issues of law and fact which they raised. Under well-established principles, judgments will not be reversed because of a technically unsound theory of law which went unchallenged or because of an affirmative defense not pleaded.

The judgment is affirmed, and the cause will be remanded. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., did not participate.