## LISKO *v.* UHREN.

### Opinion delivered June 25, 1917.

1. APPEAL AND ERROR—FINDING OF JURY.—The finding of a jury, when supported by substantial evidence, will not be reversed on appeal, although it appears to be against a preponderance of the evidence, in the absence of a showing that the trial judge abused his discretion.

2. TRIAL—CONDUCT OF JUDGE—OPINION.—A trial judge may not, in the presence of the jury, during the progress of a trial, express an opinion touching the weight of the evidence.

3. EVIDENCE—CONTRADICTING WITNESS ON COLLATERAL MATTERS.—It is not permissible for a party to draw out immaterial and collateral matters on cross-examination, and afterwards contradict the witness as to those matters.

4. EVIDENCE—IRRELEVANT TESTIMONY—WHEN ADMISSIBLE.—Irrelevant testimony is admissible where showing the bias of the opposite party, and when its introduction is limited to that purpose.

5. NEW TRIAL—NEW EVIDENCE.—A new trial will not be granted because of newly–discovered evidence, where the appellant did not exercise diligence to procure the same in the first instance.

Appeal from Prairie Circuit Court; *Thos. C. Trimble,* Judge; affirmed.

*Manning & Emerson,* for appellant.

1. The verdict is overwhelmingly against the testimony. There is no testimony to sustain it, where the physical facts are taken into consideration. The jury had no right to disregard arbitrarily the plain, undisputed statements of witnesses who said they saw the water running over from one field and into the other. 101 Ark. 532. Besides the physical facts show negligence on part of appellee. A verdict will be set aside where it is against the clear weight of the evidence. 70 Ark. 385; 34 *Id.* 632; 10 *Id.* 492; 151 S. W. 288; 96 Ark. 37-42.

2. The remarks of the court in the presence of the jury clearly tended to discredit appellant's testimony, thereby expressing its opinion. 123 Ark. 146-152.

3. The court erred in the rejection and acceptance of certain testimony of Medendorff. It was prejudicial error.

4. It was error to refuse a new trial on account of newly-discovered evidence.

*Trimble & Williams,* for appellee.

1. The verdict is sustained by the evidence and should not be disturbed. 85 Ark. 195; 100 *Id.* 599; 98 Ark. 311; 94 *Id.* 586.

2. The remarks of the court were not an expression of opinion, but were made merely for the purpose of avoiding repetition and nothing else.

3. There were no errors in the admission or exclusion of testimony. 101 Ark. 153; 99 Ark. 616-7; 104 *Id.* 494-5. It is not permissible for a party to draw out immaterial and collateral matters on cross-examination and afterwards contradict the witness as to such matters. 104 Ark. 494-5.

4. Appellant in his motion for a new trial did not comply with the law in seeking a new trial upon newly-discovered evidence. 106 Ark. 388; 46 *Id.* 201. Due diligence was not shown. 85 Ark. 38; 70 *Id.* 244. The alleged evidence is cumulative merely. 25 Ark. 89; 60 *Id.* 481; 66 *Id.* 481; 86 *Id.* 122; 46 *Id.* 201.

5. Appellee plead that the damages were caused by excessive rainfall and his evidence shows it. The pleadings are considered as amended to conform to the proof. 124 Ark. 390; 100 *Id.* 217; 40 *Id.* 360.

6. Where there is a conflict in the evidence, the verdict is conclusive.

HUMPHREYS, J. Appellant instituted a suit against appellee in the Southern District of the Prairie Circuit Court, alleging that appellee, who owned a rice farm adjoining his land, had wilfully, maliciously, negligently and carelessly pumped water from a large well on his rice lands and flooded certain lands of appellant, and thereby destroyed 20 tons of hay; and by a continuation of so flooding the land, prevented him from harvesting 30 tons of growing grass, to his total damage in the sum of $200.00.

Appellee filed answer denying the material allegations of the complaint.

The cause was heard by a jury upon the pleadings, evidence adduced and instructions of the court, which resulted in a verdict and judgment for appellee. The case is now before us on appeal.

Four alleged errors are insisted upon by appellant for a reversal of the judgment.

(1) First. It is contended that the evidence is not sufficient to support the verdict. The evidence is conflicting as to whether the damage to the hay was caused by water pumped from the rice well or by excessive rains. Appellee did not plead that the damage occurred by excessive rainfall, and now it is contended that the court erred in admitting proof showing that the damage was caused by the rains. No objection was made or exception saved to the admission of this character of evidence

at the time. For that reason alone we can not now pass upon the competency of the evidence. A reasonable inference might be drawn from the whole evidence in the case that the hay was damaged on account of excessive rains. We are inclined to the view that a preponderance of the evidence reflects that the damage was caused by floods from the well, but we are also of the opinion that there is sufficient legal evidence of a substantial nature to sustain the verdict on appeal to this court. On account of the superior position occupied by the trial court for weighing evidence and testing the credibility of witnesses, this court will not disturb verdicts of juries because contrary to a preponderance of the evidence, unless the discretion of the trial judge has been obviously abused. The attitude of this court with reference to verdicts of juries and courts sitting as juries is clearly stated in all of its phases in the following cases: *Shaufelberger* v. *Mattix,* 85 Ark. 195; *Taylor* v. *Grant Lumber Co.,* 94 Ark. 566; *Blackwood* v. *Eads,* 98 Ark. 304; *McIlroy* v. *Arkansas Valley Trust Co.,* 100 Ark. 596.

(2) Second. It is insisted that the trial court expressed an opinion in the presence of the jury that appellant was not endeavoring to confine himself to the truth and facts in the case. It is not permissible for the trial judge, in the presence of the jury, during the progress of the trial, to express an opinion touching the weight of evidence. It was so held in the case of *Roe Rice & Land Co.* v. *Strobhart,* 123 Ark. 146, cited by appellant. We might add that it is within the exclusive province of the jury to pass upon the credibility of witnesses and not the privilege of the trial judge to directly or indirectly reflect upon their testimony. If the language used by the learned judge in the instant case in any way contravenes the principles just announced, then this case should be reversed and remanded for a new trial.

John Lisko, witness in his own behalf, was recalled, and was being questioned concerning the amount of hay damaged during the second cutting. The court said to

the attorney who was examining the witness, "You have gone over that." The attorney responded that the witness did not say how much. The court responded "He said he did not know how much, he just guessed at it." It is very clear that the court was attempting to restate the testimony given by the witness touching this particular matter when first on the witness stand. By reference to the original testimony it will be seen that the witness did not himself attempt to definitely state the number of acres or the number of tons of hay damaged. The witness stated he did not know, and referred to the fact that he had procured parties to measure the land. The purpose of the court was to prevent repetitions in the evidence. The remark was not the expression of an opinion on the weight of the evidence, nor a criticism on the testimony of the witness.

(3) Third. It is urged that the court erred in excluding a question propounded to appellant as follows: "I will ask you if on yesterday you and Mr. Medendorff were talking about this case and you offered to get an automobile and take him and any three men he would select and go down there and look at this field of yours, both fields, and let them decide whether or not the water came through there upon your fields from the Uhren place."

Medendorff had stated in response to a cross-question by appellant's counsel that he had no recollection that appellant had made such a proposition to him. The question propounded to and answer given by Medendorff was not material to any issue in the case. It was wholly collateral. It is not permissible for a party to draw out immaterial and collateral matters on cross-examination and afterwards contradict the witness testifying to such matters. *Brock* v. *State,* 101 Ark. 147.

No error was committed by excluding the above question propounded to appellant.

(4) Our attention is also called to the fact that appellee was permitted to establish by Robert Medendorff that appellant attempted to rent the rice land out from

under appellee. It is said that this evidence was wholly irrelevant and tended to prejudice the jury against appellant and to discount the weight of his evidence. The evidence did not tend to establish the issue presented by the pleading, and in that sense was irrelevant, but no error was committed by the court in admitting the evidence, if admissible for any purpose. Appellant became a witness in his own behalf, and it was proper for appellee to introduce evidence tending to show that appellant was biased or prejudiced against him. The evidence was admissible as tendings to establish bias. It would have been the duty of the court to limit the evidence to the sole purpose of bias if the appellant had made the request at the time.

(5) Fourth. It is insisted that the court committed error in refusing to grant a new trial on account of newly-discovered evidence. We have read the affidavits in support of the motion for new trial on account of newly-discovered evidence, and find that the evidence is cumulative. We also think appellant might have obtained practically all the alleged newly-discovered evidence before the trial had he exercised proper diligence.

No error appearing in the record, the judgment is affirmed.