## BANKS v. STATE.

## Opinion delivered March 18, 1918.

1. LARCENY—SUFFICIENT PROOF.—The evidence held sufficient to sustain a conviction for larceny.

2. CRIMINAL LAW—OBJECTION TO PHRASEOLOGY OF INSTRUCTION.— Where the substance of an instruction, in a larceny case, is not assailed, an objection to the phraseology of the instruction must be made specifically.

3. LARCENY—CAPTION AND ASPORTATION—TWO INSTRUCTIONS.—A cause will not be reversed where two instructions in a larceny case, when read together require that there shall have been a caption and asportation, in order to convict the accused, although one of the instructions is faulty in phraseology.

4. LARCENY—PROPERTY IN A BUILDING—EXTENT OF ASPORTATION.— Defendant carried meat from the refrigerator in A.'s store to a hole he had cut in a screen, preparatory to taking it from the building. *Held,* a conviction for larceny would be sustained under this proof.

5. NEW TRIAL—DISCRETION—NEW EVIDENCE.—The granting of new trials on the ground of newly discovered evidence is within the discretion of the trial court.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. V. Bourland,* for appellant.

1. The evidence does not support the verdict. It does not connect defendant with the crime. 68 Ark. 529; 97 *Id.* 156.

2. Nothing was carried away. No larceny was proven.

3. Instruction No. 4 is bad and misleading. 41 Ark. 479; 79 *Id.* 333; 34 *Id.* 158; 110 *Id.* 606; Kirby's Digest, §§ 1821, 1825. The larceny was not complete. Only an attempt was shown.

4. A new trial should have been granted for newly-discovered evidence.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence is sufficient.

2. The giving of instruction No. 4 was not prejudicial error. 59 Ark. 431; 77 *Id.* 247.

3. Instruction No. 7 correctly states the law. Carrying the meat from the refrigerator to the front door was a sufficient asportation. 1 Wharton Cr. Law (10 ed.), § 932; 50 N. Y. 518; 83 Mo. 531; 35 Ga. 247; 89 N. C. 475.

4. The newly discovered evidence is not sufficient. Jim Berry had left the country and Collwell was a witness on the trial.

HUMPHREYS, J. Appellant was indicted, tried and convicted of the crime of grand larceny, in the Crawford Circuit Court. From the judgment of conviction an appeal has been prosecuted to this court.

It is first insisted that the evidence failed to connect appellant with the crime. The facts, in substance, are as follows:

Appellant had been in the employ of W. M. Garrett, who had been in the meat business on Main Street in Van Buren, for many years. Appellant's duties were to clean up the shop and slaughter animals for the market. On November 16, 1917, he went to the country for two cattle, but returned too late to slaughter them that afternoon. He slaughtered them that night. He came to the shop about 7 o'clock p. m., and there was evidence tending to show that he helped Garrett put some cured hams and bacon, of the value of $33, in the refrigerator. The front entrance consisted of double doors, which were left open that night, and double screens, which were fastened with chain and lock. There were two windows in the back end of the shop, some distance from the ground, covered with screens hinged at the top and hooked at the bottom on the inside. The windows had weights and the lower sash could be raised and the upper sash lowered. During the night, about 1 o'clock a. m., Barcus Hornberger, who had come in on a late train and had with him a lantern, discovered that a hole, large enough to get meat out, had been cut near the floor in the front screen in Garrett's shop. He heard a noise in the back end of the shop. He saw a buggy and a horse standing at the back end of the shop, which he examined and afterwards identified as belonging to appellant. After he had gotten partly across

the street, he noticed some one driving the buggy away. He reported the matter to Garrett who returned with the city marshal and they found the meat, which appellant had left in the refrigerator, stacked on the floor near the hole which had been cut in the front screen. The screens at the back windows were pulled off. Boxes were stacked on the outside so that one could step on them and climb through one of the windows. They found buggy and horse tracks at the back end of the shop and followed them to appellant's house and found the buggy with the shafts on the fence some distance from the shed and the horse in the lot. The buggy was an old runabout affair with the rubber tire worn off one wheel. The buggy and horse tracks corresponded with those made by appellant's horse and buggy. Appellant denied that he had been in the shop during the night and stated that, after he returned from the slaughterhouse, where he had slaughtered the cattle, he got home about 11:30 and remained there.

(1) We think the evidence sufficient to support a finding that appellant was the author of the crime.

(2-3) It is insisted that instruction No. 4 given by the court is erroneous, for the reason that the word "or," used between the words "taking" and "carrying," rendered the instruction misleading. Instruction No. 4 is as follows: "Larceny is the felonious stealing, taking or carrying away personal property of another." When read in connection with instruction No. 7 given by the court, it could not be misleading. Instruction No. 7 was as follows: "If defendant, Ed Banks, moved the property described in the indictment, with the felonious intent to take and steal the same, from the place where the owner, Garrett, left it, to the door of the butcher shop, with the intent to carry it away, and was then frightened away and left the property at the door, he would be guilty of larceny."

The two instructions clearly pointed out that there must have been a caption and asportation in order to convict appellant. The objection urged, however, to instruc-

tion No. 4, is aimed at the phraseology more than the substance thereof, and the error, if any, should have been pointed out to the trial judge specifically. It is not an error that can be reached by general objection.

(4) It is insisted that instruction No. 7, given by the court, is erroneous for the reason that the carrying of the meat from the refrigerator to the front door and placing it near the hole cut in the screen is not an asportation within the meaning of the law. It is said that appellant could not have been guilty of the crime until he carried it beyond the walls of the house. In other words, that appellant's dominion over the property was not complete unless he had carried it out of the building. We can not agree with learned counsel in this contention. The authorities cited by the Attorney General are in point and hold to the contrary. First Wharton, Criminal Law (10 ed.) § 923; *State* v. *Hecox,* 83 Mo. 531; *Garris* v. *State,* 35 Ga. 247; *State* v. *Craige,* 89 N. C. 475.

(5) It is insisted that the court erred in refusing to grant appellant a new trial on account of newly discovered evidence. The newly discovered evidence consisted of an affidavit made by Flora Ross to the effect that a few days after appellant was arrested a colored man, by the name of Jim Berry, stated to her, in substance, that they had the wrong man, for he and another negro, by the name of John Collwell, had committed the offense. The whereabouts of Jim Berry was not definitely known. It was not shown that his evidence could be obtained if a new trial were granted. Appellant stated in his affidavit that if granted a new trial he hoped to be able to secure testimony which would establish his innocence. The testimony of Flora Ross, to the effect that Jim Berry had made such a statement to her, was hearsay and not competent as direct evidence. John Collwell was a witness for appellant in the trial and no such showing was attempted to be made by him and no claim was made that if a new trial were granted, appellant could prove by John Collwell that Jim Berry had assisted him in committing the crime.

It is within the sound discretion of trial courts to grant or refuse new trials on account of newly discovered evidence. The record must reflect an abuse of discretion before this court will interfere with the action of a trial court in this regard. *Armstrong* v. *State,* 54 Ark. 364; *Ward* v. *State,* 85 Ark. 179; *Osborne* v. *State,* 96 Ark. 400. The uncertain and indefinite showing made by appellant for a new trial in this case was not calculated to appeal very strongly to the sound discretion of a court.

No error appearing in the record, the judgment is affirmed.