HINKLE v. LASSITER.

Opinion delivered February 16, 1920.

1. EVIDENCE—HEARSAY.—In an action by a broker for a commission for the sale of land, involving the collateral issue as to whether such broker had procured a purchaser, it was competent for the broker to prove the conversation between the alleged purchaser and himself as original evidence to show that he had procured a purchaser as agreed.

2. EVIDENCE—CONCLUSION.—Where, in an action by a broker for commissions, defendant objected and the court erroneously refused to permit plaintiff to prove the conversation between plain-

tiff and one to whom he claimed to have made a sale, defendant can not complain that the witness, instead of relating the conversation, stated a conclusion, namely, that plaintiff made a sale.

3. EVIDENCE—CONCLUSION.—Testimony of a witness that plaintiff effected a sale is a statement of an ultimate fact, and not a conclusion.

4. NEW TRIAL—DISCRETION OF COURT.—Motions for new trial for newly discovered evidence are addressed to the sound legal discretion of the presiding judge, and it is only in case of an apparent abuse of that discretion that the Supreme Court will interfere.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A motion for new trial for newly discovered evidence is not sufficient where it fails to state facts showing that due diligence was used to discover and produce the evidence at the trial.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*W. K. Ruddell* and *Pace, Campbell & Davis,* for appellant.

1. It was error to permit witness Britt to testify that appellee sold the land to Vance, as it was clearly the expression of a conclusion of law. 13 Ark. 461; 97 *Id.* 176; 70 *Id.* 423; 62 *Id.* 510; 114 *Id.* 516; 1 Thompson on Trials, § 377; 66 Ark. 494; 91 *Id.* 427.

2. The case should be reversed because of newly discovered evidence which was not merely cumulative, but was such as would probably have changed the result of the trial. Hayne on New Trials, 424-5; 129 Cal. 690; L. R. A. 1916 C, 1162; 83 Ia. 548; 24 S. D. 32; 133 Am. St. 945; Kirby's Dig., § 2422. Due diligence was shown. 88 Am. St. 73. See also 112 Am. Neg. Cas. 38. The two facts necessary to a recovery, *i. e.,* that appellee sold appellant's land and that appellant had agreed that appellee should have all over $1,000 he sold the land for, were not established by the competent testimony. As to incompetent testimony, see 105 Ark. 205; 89 *Id.* 556. The burden was on appellee to show that appellant was not prejudiced by the incompetent testimony of Britt. *Ib.* and 8 **Wyo.** 58.

*S. M. Bone,* for appellee.

1. There was no error in permitting witness to state that appellee sold the land to Vance. It was not a conclusion or opinion but the statement of a fact. 17 Cyc. 223.

2. The trial court did not err in refusing a new trial for newly discovered evidence, as there was no allegation of diligence, no affidavit to the statement of facts and the alleged evidence was simply cumulative. Kirby's Digest, § 6215; 2 Ark. 346.

3. Motions for new trial are addressed to the sound discretion of the court, and it is only in case of abuse of discretion that this court interferes. 85 Ark. 179; 41 *Id.* 229; 54 *Id.* 364; 106 *Id.* 379. Reasonable diligence was not shown. 85 Ark. 179; 28 *Id.* 121; 38 *Id.* 498; 73 *Id.* 528. The evidence here was cumulative merely. 2 Ark. 33; *Ib.* 346; 5 *Id.* 256, 403; 11 *Id.* 671; 17 *Id.* 96; 60 *Id.* 481; 103 *Id.* 581; L. R. A. 1916 C, 1162, 1198 (note B). See also 77 Kan. 663; 96 Pac. 143.

WOOD, J. This action was brought by the appellee against the appellant to recover the sum of $500 alleged to be due appellee from the appellant as commission on the sale of certain real estate.

The appellee alleged that the appellant gave him written authority to sell the land.

The appellant admitted that he gave the appellee written authority to sell the land as described in appellee's complaint, but denied that appellee sold the land upon the terms agreed upon between them and denied that he was indebted to the appellee in any sum.

The appellee testified to and exhibited an instrument which, after describing the land, recites: "I hereby authorize Barry Lassiter to sell the above tract of land which I own. Signed, John A. Hinkle, Batesville, Arkansas, July 16, 1918."

The appellee stated that the contract between him and the appellant was that if appellee sold the land appellant was to give him as his commission all that the

land sold for over $1,000; that he procured a man by the name of Captain Vance to purchase the land, sold the land to him and sent him to the appellant, who closed the sale. Appellant received as the purchase price the sum of $1,500. After the deal was closed the appellee demanded of the appellant his commission in the sum of $500, which appellant refused to pay.

The appellee further testified that he, his son, and appellant were the only parties present when the contract was made for the amount of appellee's commission.

The above is the substance of the material testimony for the appellee. His testimony was corroborated by his son, Virgil Lassiter.

Elijah Britt testified that he was present when Captain Vance came to see Lassiter about the purchase of the land in controversy in the summer of 1918. He was asked the following questions:

"Q. Well, I will ask you if Lassiter sold the land to Vance at that time?

"A. Yes, sir.

"Q. Did he give him the numbers of the land?

"A. Yes, sir."

The appellant objected and asked that the question and answer about selling the land to Vance be stricken out. The court refused the request, and appellant duly excepted to the ruling of the court.

The appellant testified that he gave appellee the written authority to sell the land above set forth but that it was not an exclusive authority, that he told appellee that the price for the land was $1,500; that about a week after this, appellee told appellant that the purchaser appellee had in view had fallen down on him, and appellant told the appellee that he could have a little further time. Two or three weeks after the last conversation with appellee Joe Magness came to appellant and asked appellant to allow him to sell the land. Appellant told him that he could sell the same for $1,500, and in a short time Magness came back and told appellant that he thought he had the land sold and asked appellant to get up the ab-

stract. In the meantime appellee told the appellant that Magness and Vance were going to sell the land. Vance and Magness were partners in the real estate business, and appellant carried on his negotiations with Magness.

Captain Vance testified that Magness got the right from the appellant to sell the land in controversy and that he and Magness were to get all over $1,500. They bought the land from the appellant about the 10th of August. The deed was made to J. D. Magness and the consideration was $1,500. They were buying the land to sell again.

Magness and another witness testified corroborating the testimony of Captain Vance.

The jury returned a verdict for the appellee in the sum of $500.

There was a motion for a new trial and among other grounds the appellant set up that since the trial he had discovered that B. H. Hinkle and Robert Gray would testify in substance that they heard a conversation between the appellant and appellee concerning the sale of the land in controversy, in which the appellee requested the appellant to give the appellee authority to sell the land and during the conversation they heard the appellant tell the appellee that $1,500 was his price for the land, and that appellee could have all over that price. Appellant stated that he had no way of knowing before the trial that the above witnesses had heard the conversation as set forth in their affidavits, which accompanied the motion.

The motion was overruled, and judgment was entered in favor of the appellee, from which is this appeal.

The appellant urges two grounds for reversal.

First, because of the error of the trial court in permitting Elijah Britt, witness for the appellee, to testify over the objection of the appellant that appellee sold the land to Vance.

Second, because the court erred in not granting the motion for new trial on the ground of newly discovered evidence.

(1)  The court did not err in permitting Britt to testify that appellee sold the land to Vance.

In the first place, after the witness had stated that he was present when Captain Vance came to see appellee about some land and heard a statement that Vance made about buying some land and heard the conversation between the appellee and Vance concerning it, witness was asked by the counsel for the appellee the following question: "Q.  Do you know anything about the sale of this land, the Hinkle land, that Mr. Lassiter had an option or authority to sell?"  Witness answered, "Well, Mr. Vance came up there to see if Mr. ——."

Here the appellant objected to witness "stating anything that Mr. Vance said there."

The court sustained the appellant's objection to this, and thereupon appellee's counsel asked the witness if Lassiter sold the land to Vance there at that time, which question witness answered in the affirmative.

It will thus be seen that appellant invited the error of the court, if it be an error, in permitting the witness to state that the appellee sold the land to Vance, instead of permitting the witness to testify as to the conversation between the appellee and Vance and giving the statement of Vance concerning the purchase of the land.  The issue for decision was whether or not the appellee was entitled to the amount sued for as a commission.  That issue involved the collateral issue as to whether or not the appellee had sold or procured a purchaser who was ready, willing, and able to buy the land upon the terms agreed upon between the appellee and appellant, and on that issue it was competent for the appellee to show that he had procured Vance to purchase the land and to give in that connection the conversation that Vance had had with him concerning the purchase.

Such statements of Vance in a conversation between him and the appellee concerning the sale or proposed sale of the land to Vance were not hearsay, but original evidence.

Since appellant by his objection precluded the witness from giving the details of the conversation between Vance and the appellee which caused the witness to state that the appellee sold the land to Vance, the appellant is not in an attitude to complain of the ultimate fact to which the witness testified, towit: "That appellee sold the land to Vance."

In the second place, if witness Britt, after hearing the conversation between Vance and appellee concerning the sale and purchase of the land, knew from the conversation and negotiations between them that appellee had sold the land in controversy to Vance, he could so state, and his statement in that form would be the statement of a fact and not a conclusion of law.

Of course, if the issue to be determined is such that it appears from the testimony that the witness is stating his deductions or conclusions from the facts of any given transaction and that he is not stating a fact, then the testimony would be incompetent.

Here, it is manifest from the nature of the transaction that the witness was not stating or purporting to state a legal status or drawing a legal inference from what he heard. He was simply stating as a fact that appellee sold the land to Vance.

In 17 Cyc. 222 is the following statement of the law applicable here: "The existence of a particular legal status cannot be stated as the conclusion of the witness. The exercise of the judge's discretion in rejecting such conclusions is guided by two main considerations which may be stated as follows: (1) To what extent legal inference predominates over statement of fact; and (2) how far the conclusion relates to a matter in issue, and so within the distinctive province of the jury. It follows therefore, that where the conclusion offered, although to a certain extent resting upon the application of legal principles, is in main a mere statement of fact, and especially where the subject-matter is only collaterally involved, a witness will be permitted to state it."

The statement of Britt did not involve the whole merits of the controversy because, even though appellee had sold the land to Vance, nevertheless he would not be entitled to a commission unless he had sold upon the terms agreed upon between the appellee and the appellant.

(2) The court did not err in holding that appellant was not entitled to a new trial on the ground of newly discovered evidence.

The appellant alleges in his motion that "he did not know and had no way of knowing" of the newly discovered evidence at the time of the trial. Motions for new trial on the ground of newly discovered evidence are addressed to the sound legal discretion of the presiding judge and it is only in case of an apparent abuse of that discretion or of justice that this court interferes. *Ward* v. *State,* 85 Ark. 179.

"To entitle a party to a new trial on the ground of newly discovered evidence the appellant must show that he used due diligence in discovering and producing the same, or that the newly discovered evidence could not have been procured by the exercise of due diligence on his part to produce it." *Southern Cotton Oil Co.* v. *Campbell,* 106 Ark. 379, and cases there cited.

Here appellant did not allege in his motion or adduce any testimony which tended to prove that he had exercised any diligence to discover and produce at the trial the newly discovered evidence.

A motion for a new trial on the ground of newly discovered evidence is not sufficient where it fails to state facts showing that due diligence was used to discover it before and produce it at the trial. *St. L. S. W. Ry. Co.* v. *Stanfield,* 63 Ark. 543; *McDonald* v. *Daniels,* 103 Ark. 589, and other cases cited in 4th Crawford's Digest, p. 3817, sec. 42.

There is no error in the record, and the judgment must, therefore, be affirmed.