EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES *v.* FELTON.

4-3476

Opinion delivered May 28, 1934.

*D. S. Plummer* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Daggett & Daggett,* for appellee.

HUMPHREYS, J. Appellee instituted this suit on the 29th day of June, 1933, against appellant in the circuit court of Lee County to recover $3,040.64 on a life insurance policy issued by appellant to her husband in October, 1924, in which she was the beneficiary, together with the statutory penalty and attorney's fee provided by § 6155 of Crawford & Moses' Digest for refusal to pay same.

The cause was submitted to the court, sitting as a jury, upon the pleadings and testimony adduced, which resulted in a judgment against appellant for $3,040.64, the amount admitted to be due after deducting the loan

on the policy, and the sum of $364.80 statutory penalty, being 12 per cent. of the amount recovered, and $350 as attorney's fee, from which is this appeal.

Appellant has paid in partial satisfaction of the judgment $3,108.72, being the amount admitted to be due on the policy, together with interest thereon, so the only question presented by this appeal is whether appellee was entitled to recover the statutory penalty and attorney's fee.

The record reflects the facts to be that the policy sued upon provides an indemnity of $5,000 payable to the beneficiary in case of the death of the insured, William F. Felton, and for an indemnity payable to the insured in case of his disability; that, prior to his death, he presented a claim for about $3,000 to the appellant under a disability benefit in the policy, which was being investigated at the time of his death; that, upon proof being made of his death, appellant admitted its liability on that account and offered to pay same to appellee if she would surrender the policy; that appellee refused to surrender the policy until her claim on account of the disability of her husband was allowed or settled, but offered to receive the amount tendered and execute an acquittance on account of the death claim; that appellant refused to accept the acquittance and pay the death claim, but demanded a surrender of the policy before it would pay the amount admitted to be due; that the policy provides that appellant ''agrees to pay at its home office in the city of New York $5,000 to his wife, Sarah E. Felton, beneficiary, with the right of the insured to change the beneficiary or assign this policy upon receipt of due proof of death of the insured, provided premiums have been duly paid and this policy is then in force and is then surrendered properly released.'' Section 6155 of Crawford & Moses' Digest, relative to a failure to pay insurance claims, is as follows:

''In all cases where loss occurs, and the fire, life, health, or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall

be liable to pay the holder of such policy, in addition to the amount of such loss, twelve per cent. damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; said attorneys' fee to be taxed by the court where the same is heard on original action, by appeal or otherwise and to be taxed up as a part of the costs therein and collected as other costs are or may be by law collected.''

The purpose of this suit was to force the payment of the admitted death claim and as an incident thereto the recovery of a penalty and attorney's fee for failure to pay same. The right to maintain the suit for the recovery of the death claim depends upon a correct construction of the clause in the policy providing for a surrender of the policy upon payment of the claim. The policy contains two contracts, one covering the death of the insured, and the other covering his disability. Where the disability of the insured is a matter in dispute and the subject of an existing claim at the time of his death, to require the surrender of the policy as a condition precedent to the payment of the admitted death claim would take from the beneficiary or claimant the evidence of the disability contract or the instrument upon which to base a suit for the recovery on account of the disability. It seems to us in such a contingency the only reasonable construction to give the policy surrender clause is that the surrender or delivery of the policy must be postponed until the claim for disability is adjusted or paid. Of course, there could be no reason for withholding the policy if no disability claim had arisen prior to the insured's death, but where such a claim exists, there is good reason for retaining the policy, and the clause should be construed in accord with reason. The insurer could suffer no injury by paying the admitted death claim and taking a receipt therefor pending the adjustment of the disability claim. According to the record, the beneficiary offered to execute such a receipt upon the payment of the death claim. Appellant embraced both contracts in the same policy or instrument, and, if inconvenience results therefrom, it (the insurer) should bear the burden of such inconvenience.

330

The right existed to bring suit to enforce payment of the death claim under the circumstances without surrender of the policy, so the 12 per cent. penalty followed the judgment. We cannot reduce it. The amount of the attorney's fee is not fixed by the statute, but is dependent upon the value of the services rendered. This suit involved the question of enforcing the payment of an admitted liability and not that of a disputed liability, and for that reason we have reduced the fee allowed to $175, and the judgment, as modified, is affirmed.

Butler, J., dissents.