ÆTNA LIFE INSURANCE COMPANY *v.* LANGSTON.

4-3609

Opinion delivered November 26, 1934.

*Owens & Ehrman,* for appellant.
*Surrey E. Gilliam,* for appellee.

JOHNSON, C. J. This action was filed by appellee against appellant on March 8, 1933, seeking a recovery upon a certain insurance policy issued by appellant in favor of appellee on August 2, 1921, the pertinent provisions thereof being: "If the insured becomes wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, or has met with the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or of both feet, or of such loss of one hand and one foot, and satisfactory evidence of such disability is received at the home office of the company, the company will, upon the acceptance of such proof, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and if such disability existed before the insured attained the age of sixty years, the company will immediately pay to the life beneficiary the sum of ten dollars for each thousand dollars of the sum insured and will pay the same sum on the same day of every month thereafter during the lifetime and during such disability of the insured.

"Any premium waived or monthly payment made by the company on account of this provision will not be deducted from any settlement under this policy, and the sum insured and loan and cash surrender value will be for the same amount as if the premiums waived had been paid in cash.

"The foregoing benefits for disability are conditioned upon the representatives of the company being permitted to examine the insured before the acceptance of proof and during twelve months thereafter."

Appellee alleged that prior to his sixtieth birthday and while the policy was in full force and effect he became permanently and totally disabled within the purview of said policy.

Appellant filed an answer to the complaint which denied all the material allegations thereof and affirmatively pleaded the five year statutes of limitation in bar of the action; also that no notice had been given by the

insured to the insurer of the alleged injury until 1932. Upon the issues thus joined a trial to a jury was had on January 16, 1934, which resulted in a verdict and judgment in favor of appellee for the sum of $1,750.

The testimony was amply sufficient to support the jury's finding that appellee was totally and permanently injured prior to his sixtieth birthday and at a time when the policy was in full force and effect, but, since this point is not now urged upon us for consideration, we do not detail the testimony in reference thereto.

Appellant urges that appellee's alleged cause of action is barred by §§ 6955 and 6960, Crawford & Moses' Digest, because as it is argued the suit was not filed within five years after appellee attained his sixtieth birthday, and that the suit was not brought within five years after receipt of his total and permanent disability.

We have never held that suits upon insurance policies similar to the one under consideration must be brought within five years after receipt of total and permanent disability; neither have we ever held that such suits must be brought within five years after the insured attained the birthday designated in the policy as limiting liability thereunder.

In Ætna Life Ins. Co. v. Davis, 187 Ark. 398, 60 S. W. (2) 912, we stated the applicable rule as follows: "If, therefore, the disability exists and commenced when the contract was in force, it is immaterial how or when proof is made, if within the statutory period, and recovery may be had for the damage sustained, excluding that occurring beyond six months from the time proof is made. As stated in the case of Hope Spoke Co. v. Maryland Cas. Co., supra, the proof of disability is intended to give the insurer an opportunity to investigate the facts affecting the question of its liability and the extent thereof. This end is served when the complaint is filed, and no prejudice can result if, as in the instant case, no claim is made for benefits accruing before the filing of the complaint or the statute (Crawford & Moses' Digest, § 6155) prescribing a penalty or attorney's fee is not invoked."

Again in *Missouri State Life Ins. Co.* v. *Foster,* 69 S. W. (2d) 869, we reiterated the rule as follows: "We are definitely committed to the rule that liability attaches under contracts of insurance similar to the one under consideration, upon causation of the injury, and it necessarily follows from this that no subsequent act or acts of the parties can destroy the liability thus created."

And again in the more recent case of *Equitable Life Ins. Society* v. *Felton, ante* p. 318, 72 S. W. (2d) 225, we stated the rule in the following language:

"We have repeatedly held in cases arising under contracts of insurance not dissimilar to the one here involved that liability against the insurer and in favor of the insured attaches and comes into being upon the happening of total and permanent disability. * * * The requirement for proof of loss or notice under this contract being a condition subsequent, suit might be maintained for the liability at any time until barred by the statute of limitations."

The effect of the rule thus quoted is that, in policies of insurance similar to the one under consideration and which provides a monthly indemnity to the insured for life in the event of total and permanent disability incurred during the effectiveness of the policy, suits may be instituted, prosecuted and maintained by the beneficiary at any time after receipt of such injury, but the aggregate recovery is limited to a five year period immediately prior to the filing of such suit. When the rule is thus interpreted, it appears that the trial court was correct in determining and submitting this issue. The doctrine thus stated is in full accord with the previous decisions of this court and is certainly not in conflict with our holdings in *Smith* v. *Mutual Life Ins. Co.,* 188 Ark. 1111, 69 S. W. (2d) 874; *Atlas Life Ins. Co.* v. *Wells,* 187 Ark. 979, 63 S. W. (2d) 533.

It is next insisted that no notice was given by appellee to appellant of receipt of the injury complained of. On this point it suffices to say that the policy under consideration does not provide for notice. Moreover, were the following provisions of the policy, "The foregoing benefits for disability are conditioned upon the

representatives of the company being permitted to examine the insured before the acceptance of proof and during twelve months thereafter,'' construed as one for notice, it would fall clearly within the rule of a condition subsequent and not a condition precedent to recovery, as announced by us in many cases. *Hope Spoke Works Co.* v. *Maryland Cas. Co.,* 102 Ark. 1, 143 S. W. 85; *Home Indemnity Co.* v. *Banfield Brothers Packing Co.,* 188 Ark. 683, 67 S. W. (2d) 203, and cases therein cited. Moreover, appellant was apprised of appellee's disability in July or August, 1932, and had full opportunity to make such examination and investigation thereof as it deemed proper and expedient, as this suit was not begun for several months thereafter; therefore appellant was afforded timely opportunity to examine appellee which was the only right reserved in the clause of the policy just quoted.

Neither can we agree that prejudicial error is made to appear in admitting testimony in reference to the mental condition of deceased subsequent to his injury or the argument of counsel relative thereto. The insured's mental condition was a circumstance tending to show his total and permanent disability; therefore such inquiry was relevant and proper.

Finally, it is urged that prejudicial error was committed by the trial court in refusing to grant a new trial because of newly-discovered evidence. This contention is grounded upon certain testimony of the War Department of the U. S. A. which tended to show that the insured was several years older than he had represented his age to be in the application which superinduced the issuance of the policy of insurance. No error is made to appear in this regard. First, no diligence was shown in procuring this testimony. Appellant's witness, R. D. Leas, testified that he, the investigator and adjuster for appellant, made an investigation of this claim when filed (August, 1932) and appellee then advised witness that he enlisted in the United States Army at Memphis, Tennessee, but could not give the name of his general or colonel, but thought he had served under General Cook. Witness further testified that he pursued the inquiry no

further at that time. This testimony demonstrates a total lack of diligence upon appellant's part. If the law compelled a new trial under the facts and circumstances here presented, litigation would never end.

This suit had been pending more than ten months when finally tried, and seven additional months had been consumed by appellant in investigation prior thereto; therefore this length of time certainly afforded ample opportunity to make all necessary inquiries. *Fowler* v. *State,* 130 Ark. 365, 197 S. W. 568; *Lisk* v. *Uhren,* 130 Ark. 111, 196 S. W. 816; *Hinkle* v. *Lassiter,* 142 Ark. 223, 218 S. W. 825. Moreover, the testimony offered is merely cumulative to the testimony produced by appellant, and such testimony is never considered sufficient to compel a new trial. *Winn* v. *Jackson,* 158 Ark. 644, 245 S. W. 812, and cases there cited. Not only this, but it has ever been the established doctrine in this court not to reverse a judgment because of newly-discovered evidence except in such cases as it clearly appears that the trial court abused its discretion. *Arkansas Mutual Fire Ins. Co.* v. *Stuckey,* 85 Ark. 33, 106 S. W. 203; *McDonald* v. *Daniel,* 103 Ark. 589, 148 Ark. 271; *Banks* v. *State,* 133 Ark. 169, 202 S. W. 43.

We have always held, first, that the granting of a new trial for newly-discovered evidence is within the trial court's discretion; secondly, a new trial will not be granted for newly-discovered evidence, unless the applicant has shown due diligence; third, to warrant a new trial for newly-discovered evidence, it must appear that the evidence will probably change the result, was discovered after the trial, could not have been discovered before the trial by due diligence, and is material, and not merely cumulative or impeaching. *Arkansas Power & Light Co.* v. *Mart,* 188 Ark. 202, 65 S. W. (2d) 39. It appears that the newly-discovered evidence here adduced, if admitted in evidence, would tend only to impeach the testimony of the insured. It will be remembered the insured testified to his age as it appears in his application which superinduced the issuance of the policy, and the purpose and effect of the offered testimony would be to tend to impeach his testimony. Not

only this, but, were the testimony admitted, the result probably would not be changed because appellee testified in an affidavit in response to the motion for a new trial that he erroneously gave his age to the war department. Certainly, if this were true, and the trial court so found, it would not change the result of the trial.

No error appearing, the judgment is affirmed.