MISSOURI PACIFIC TRANSPORTATION. COMPANY *v*. SIMON.

4-5996 140 S. W. 2d 129

Opinion delivered April 22, 1940.

*House, Moses & Holmes,* for appellant.

*Hall & Hall, J. E. Yates, Bob Bailey* and *Partain & Agee,* for appellee.

MEHAFFY, J. Each of the several parties instituted separate causes of action against the appellant for personal injuries. The cases were consolidated, and there were verdicts and judgments against the appellant in each case. Motions for new trial were filed, overruled, and the case was appealed.

On November 27, 1939, this court affirmed some of the judgments and modified and affirmed others. Thereafter the appellant filed motion for new trial in the circuit court of Crawford county on the ground of newly discovered evidence. There was a hearing in the circuit court and the petition for new trial was denied. The case is here on appeal.

The 7th subdivision of § 1536 of Pope's Digest reads as follows: "Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

. This court said as early as 1841, about 100 years ago, in the case of *John Robins* v. *Absalom Fowler*, 2 Ark. 133: "The circuit court having on the first motion already solemnly determined that the evidence was sufficiently clear and explicit to justify the verdict, and that it conformed to the law, we will consider the reason, to wit; newly discovered testimony, upon which the plaintiff in error evidently relies in his second application. There are certain principles upon this subject which must be considered settled. 1st. The testimony must have been discovered since the trial. 2nd. It must appear that the new testimony could not have been obtained with reasonable diligence on the former trial. 3rd. It must be material to the issue. 4th. It must go to the merits of the case, and not impeach the character of a former witness. 5th. It must not be cumulative."

These rules have been constantly adhered to and applied from that time to now. Mrs. Adcock obtained a judgment in the trial court for $25,000. This court, on November 27, 1939, cut the verdict down to $15,000, and stated that the court had concluded that was the most the evidence would warrant. As to Mrs. Erwin, she also received a judgment and verdict for $25,000, and her verdict was reduced to $10,000, and these judgments were affirmed in these amounts.

On this motion for new trial on the ground for newly discovered evidence, the appellant introduced some physicians and others who testified about Mrs. Adcock's condition, as she appeared to them after the trial. None of these witnesses pretended to know anything about how seriously she was injured, or anything at all about the accident; and the slightest diligence on the part of the appellant would have discovered these witnesses before the trial. It should be held in mind that the original trial in circuit court was several months after the accident, and appellant had ample time to make a thorough investigation and to find out all about the extent of the injuries to this woman. Her injury and the extent of it was the vital question in this case, and yet there is no

showing of any diligence at all on the part of appellant in trying to discover other evidence.

Rule 2 announced in the above cited case is: "It must appear that the new testimony could not have been obtained with reasonable diligence on the former trial." The evidence does not show any effort at all on the part of appellant, and does not show that it could not have discovered this evidence prior to the trial.

The same may be said as to the motion in the Erwin case. There was not only no diligence shown on the part of appellant to discover this evidence, but it is plain from the record that it could have been discovered before the trial. Moreover, this evidence is not material to the issue and does not go to the merits of the case, as the law requires. If a new trial could be granted on evidence of this sort, there would be no end to trials.

Appellant says that since the trial, new evidence has been discovered, evidence which was not available to the defendant in the first trial, and that that evidence shows these facts: first, that the entire verdict of negligence was unjustified, but that it was a scheme to shift the burden of the accident from the real responsible parties to the transportation company; second, that Mrs. Adcock was not injured; and yet all of their newly discovered evidence as to Mrs. Adcock is as to her condition a long while after the accident, and as to some physicians who treated her quite a while before the accident, and does not contain one sentence about the accident. The witnesses knew nothing whatever about the accident or the extent of her injury, and they say that Mrs. Erwin is far from being totally and permanently injured. As we have already said, the injury to these parties and the extent thereof, was the vital question at the time of the trial in the circuit court, and there is no evidence claimed to be newly discovered that says anything about the accident.

The judgment in favor of Bell was reduced by this court from $6,000 to $3,000. The verdict for $1,250 for

Mrs. Simon was affirmed, and in favor of W. M. Adcock for $1,000, was affirmed.

There is also, in the record, a claim of newly discovered evidence in finding that Mr. Williams had, after the trial, said he was going to get some money because of the accident. There is no showing anywhere that he said where he was going to get it, from whom, or how; so it would certainly be no evidence at all in support of appellant's motion for new trial on the ground of newly discovered evidence. But Mr. Williams explains it by showing that he, himself, was injured and expected to collect because of his injury. And it may be said that this evidence of what Williams said could not be material and could not help appellant in any way. Moreover, there was nothing to prevent appellant from discovering this before the first trial. In addition to this, if the statement of Williams could be used at all, it would be merely for the purpose of impeaching him as a witness. Besides that, the evidence shows that those two witnesses were brought into court, and that the appellant had the opportunity to examine them and find out what they would testify to before they went on the stand. It is true one of the witnesses says that they did not have much time; but the time to request more time was when they discovered they did not have sufficient time.

Attention is called to the case of *Forsgren* v. *Massey*, 185 Ark. 90, 46 S. W. 2d 20. In that case we said: "This court has many times held that motions for a new trial on account of newly discovered evidence are addressed to the sound discretion of the trial court, and that this court will not reverse for failure to grant unless an abuse of such discretion is shown, nor where the newly discovered evidence is cumulative merely. It must be relevant and material to the issue involved in the original case, and of such a character and cogency that might probably change the result, and due diligence must be shown."

Attention is then called to the case of *State, use of Calhoun County* v. *Poole*, 185 Ark. 370, 47 S. W. 2d 590.

In that case the court said: "Neither was error committed in refusing to grant the motion for a new trial on account of newly discovered evidence. No diligence was shown to procure the testimony of the witness, which was claimed would furnish the newly discovered evidence, no subpoena having been issued for him, and, although he was a party to the suit, appellant could not have a new trial because of the disappointment of its expectations that said witness would necessarily be at the trial and could be introduced by it as a witness for appellant. The testimony claimed to be newly discovered was largely cumulative, too, about the payment of the expenses of the attorney for his trips to Texas, one witness having testified he had seen the account and the statement of it and its payment by the executor, etc."

The authorities, generally, hold that in order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted; second, that it has been discovered since the trial; third, that it could not have been discovered by the exercise of due diligence before the trial; fourth, that it is material to the issue; fifth, that it is not merely cumulative or impeaching. 46 C. J. 243, 20 R. C. L. 90.

In the instant case no diligence has been shown. The evidence claimed could have been discovered before the trial by the exercise of due diligence; and there is no evidence brought forward that would probably change the result. Most of it is not material to the issue, but is cumulative and impeaching, and it fails to meet the requirement of any of the above rules.

Mr. Buckingham testified that he was with the claim department of the Missouri Pacific and that this accident was investigated under his direction and supervision; that he took an active part in the investigation; that he was present at the trial and assisted the attorneys in preparing the case for trial; at the time of the trial they were unable to locate two witnesses. He admits, however, that these witnesses were brought into court

and told the company at that time of some new developments. This witness testifies that the wreck happened in November, 1938, and that the trial was in the early part of 1939. They, of course, had all this time to make their investigation. He also testified that both he and the attorneys representing the company were advised by Williams and Volentine as to what their testimony was going to be, and for that reason they did not put them on the stand.

This court said, in the case of *Banks* v. *State,* 133 Ark. 169, 202 S. W. 43: ''It is within the sound discretion of trial courts to grant or refuse new trials on account of newly discovered evidence. The record must reflect an abuse of discretion before this court will interfere with the action of a trial court in this regard.''

It is a well-established rule of this court that in passing upon a motion of this kind, the trial court has large discretion, and unless there is a manifest abuse of discretion, his finding will not be disturbed.

We have very carefully examined all the evidence in this case and have reached the conclusion that there was no diligence shown, that the evidence was either cumulative or impeaching, and did not go to the merits of the case. We are of the opinion that the trial court did not abuse his discretion.

The judgment is, therefore, affirmed.