McNew v. Wood.

4-6792                                    163 S. W. 2d 314

Opinion delivered June 15, 1942.

*C. L. Farish* and *M. H. Dean,* for appellant.

*John D. Thweatt* and *W. W. Sharp,* for appellee.

SMITH, J. The nature of this suit and the decisive issue of fact is reflected in an instruction numbered 1, given at the request of appellee, who was the plaintiff below, over the objection and exception of appellant, the defendant below. This instruction reads as follows: "The jury is instructed that if you find from a preponderance of the testimony that on Sunday morning, April 13, 1941, the plaintiff, Joe Wood, was riding in an International truck, owned by the plaintiffs, Joe Wood and H. D. Sowell, and at the time being driven by Austin Sartin, traveling east on highway 70, on their own right-hand side of the road, using due care for their own safety, and when they reached a point about a mile and a half east of the town of Biscoe, they met the defendant, Cecil McNew, driving west on said highway, and that as they met the said Cecil McNew turned from his own right-hand side of the road across in front of the plaintiffs' truck without giving any warning of his intention to do so turned over onto the plaintiffs' right-hand side of the pavement and in front of them, so that the car and truck collided, and that the act of the defendant, McNew, in turning his car over onto the plaintiffs' right-hand side of the pavement in front of the plaintiffs' truck was the sole and proximate cause of the damages to the plaintiffs, if any, you find they have suffered, and you find from a preponderance of the testimony that the plaintiff, Joe Wood, and the driver of said truck, Austin Sartin, at the time of the accident were using due care for their own safety, then your verdict will be for the plaintiffs and against the defendant."

This instruction was given with the explanation by the court: "That instruction means this, gentlemen of the jury, if both were negligent in the operation of their vehicles neither can recover. One must be negligent in the operation and the other must be free from negligence in the operation of his vehicle."

As a result of this collision the plaintiffs' truck had been overturned and damaged, as was a lot of grapefruit which it was conveying, and the plaintiffs sued for damages in the sum of $3,800.

The defendant, McNew, filed an answer, denying that he was guilty of any negligence contributing to the collision, and he filed a cross-complaint, in which he alleged that the collision resulted from the negligence of the truck driver. He prayed judgment in his cross-complaint in the sum of $11,053 to compensate the very serious personal injury which he sustained and the damages to his automobile which was wrecked.

The case presents no legal question of any difficulty. The controlling question in the case is the one of fact, that is, which driver was responsible for the collision. According to the testimony offered on behalf of plaintiffs, the defendant was driving on the wrong side of the road, and drove his car head-on against the truck. Such was the testimony of the plaintiff, Wood, and of his driver, Sartin, and this testimony was corroborated by that of Mrs. Anna Mae Bartrand and Mrs. Vera Bryer. These ladies testified that they were eyewitnesses, and according to their testimony Sartin had driven the truck as far to the right as he could safely do when the automobile, traveling on the wrong side of the road, ran into the truck.

The testimony of these ladies makes a clear case of liability against McNew, but the motion for a new trial alleged that evidence had been recently discovered which contradicted that of these ladies, and especially that of Mrs. Bartrand. An affidavit was filed by one, Will Sherbert, who had testified in the case. He and the other witnesses had been placed under the rule, and none of these witnesses heard the testimony of any other. Sherbert heard the argument of counsel before the jury, in which the testimony of Mrs. Bartrand and that of the lady with her was discussed. Sherbert then recalled that Mrs. Bartrand was the driver of a pick-up truck which arrived at the scene of the collision after it had occurred, and that he guided her truck around the place where the

collision had occurred. Sherbert after the trial told counsel for appellant what he had seen, and, according to his affidavit, the testimony of the ladies was false.

Mrs. Bartrand and Mrs. Bryer and another lady were returning from Little Rock in a pick-up truck. Mrs. Bartrand and Mrs. Bryer testified at the trial. The third lady was ill in her home at the time of the trial and did not testify. The ladies who did testify corroborated the testimony of Sartin, the driver of the truck. The plaintiff, Wood, one of the owners of the truck, was asleep when the collision occurred, but was awakened by the collision. There was some contradiction in the testimony of these witnesses as to the place where the collision occurred with reference to certain curves in the road; but it was, of course, a question for the jury to pass upon the credibility of the witnesses. This statement applies also to certain contradictions between the testimony of these ladies and two witnesses who came to the scene of the collision after it had occurred. However, plaintiffs' witnesses all agreed that Sartin was as far on the right side of the road as he could safely go, and that defendant was on the wrong side of the road when he ran into the truck. It appears, however, that defendant, McNew, and the lady who had been his companion sat through the trial and heard all the testimony, and neither was called to contradict the testimony of these two ladies who did testify. A continuance had been granted at a former term of the court on account of the absence of the lady who had been defendant McNew's companion. The lady witnesses who did testify had been subpoenaed, and were present at the term of the court at which the continuance was granted, and no reason is shown why appellant, McNew, might not have ascertained what their testimony would be. He had until the next ensuing term of court in which to do so.

The newly-discovered evidence is what may be called impeaching testimony, that is, its purport was that the ladies had testified falsely. And what was said of such testimony in the case of *Arkansas Power & Light Co.* v. *Mart,* 188 Ark. 202, 65 S. W. 2d 39, is applicable here. We quote from that opinion as follows:

534

"The most that can be said about this newly-discovered evidence is that it discredited and impeached Powell. It is not claimed that he, at any time, made any statements about the accident in conflict with his testimony at the trial of the case. . . .

" 'This court has many times held that motions for new trial on account of newly-discovered evidence are addressed to the sound discretion of the trial court, and that this court will not reverse for failure to grant unless an abuse of such discretion is shown.' Forsgren v. Massey, 185 Ark. 90, 46 S. W. 2d 20.

" 'Moreover, the testimony of Johnson and his wife on the matter set out in their affidavits was in the nature of impeaching testimony of the Smiths; and it has been held by this court that newly-discovered evidence which goes only to impeach or discredit a witness is not ground for a new trial.' Bradley Lbr. Co. v. Beasley, 160 Ark. 622, 255 S. W. 18; Freeo Valley R. Co. v. Rowland, 164 Ark. 613, 262 S. W. 660.

"The granting of new trials on the ground of newly-discovered evidence is always within the discretion of the trial court. Banks v. State, 133 Ark. 169, 202 S. W. 43; Hinkle v. Lassiter, 142 Ark. 223, 218 S. W. 825." See also, Missouri Pacific Transportation Co. v. Simon, 200 Ark. 430, 140 S. W. 2d 129.

In view of the facts recited we are unable to say that the court abused its discretion in refusing to grant a new trial on account of this newly-discovered evidence.

As has been said, the case on its merits presents no question of legal difficulty, yet the court gave a number of instructions at the request of both plaintiff and defendant, but refused to give instructions numbered 5 and 7 requested by the defendant. The error assigned in the refusal to give these instructions may be disposed of by saying that they were covered by other instructions which were given.

The objection to the instruction numbered 1, above recited, was "that such instruction could be, and probably was, construed by the jury that it was necessary only for the plaintiff to use due care for his own safety, and not

the safety of others, and that it further suggested to the jury that the wreck occurred a mile and one-half east of the town of Biscoe.''

We think the instruction was not open to the objection made to it, and that it was not an erroneous declaration of law.

The verdict in this case was not unanimous, and was returned only after the jury had reported disagreement and had been admonished by the court as to the desirability of reaching a verdict. The jury retired and after deliberation lasting forty-five minutes returned with the verdict upon which the judgment was pronounced from which is this appeal. We find no error in this respect. The practical administration of the law requires that trial judges shall have this power, and its exercise has been upheld in many cases, and we find no abuse of that power here. *Graham* v. *State*, 202 Ark. 981, 154 S. W. 2d 584. There is an extensive note on this subject in the annotations to the case of *Meadows* v. *State*, 1915D Ann. Cas. 663.

The verdict was for $1,000, and is not complained of as being excessive. The testimony would have supported a much larger recovery, in view of the damage done to the truck and to its cargo, and was probably made as small as it was because of the much greater damage which McNew sustained to himself and to his car.

We find no error, and the judgment must be affirmed, and it is so ordered.